UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 10-40018-FDS |
| ) | |
| SHALIN BHAVSAR, ) | |
| Defendant. ) | |

## FINAL ORDER OF FORFEITURE

**SAYLOR, D.J.**

WHEREAS, on September 8, 2010, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant Shalin Bhavsar (the "Defendant") with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count One);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 2253(a), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of any matter which contains visual depictions produced, transported, mailed, shipped, or received in violation Title 18, United States Code, Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds the defendant obtained as a result of the said violation; and any property, real or personal, used or intended to be used to commit or to promote the commission of the violation or any property traceable to such property.  Such property specifically included, without limitation, the computers and related items that were obtained by law enforcement officials from the Defendant's residence on August 7, 2008;

WHEREAS, on August 7, 2008, law enforcement officials seized the following:

1

a. one HP Pavilion Entertainment PC laptop DV6000, P/N RX924AV, bearing serial number CNF7330MWL;

b. one Dell Dimension 4600, bearing serial number 5QCMH31;

c. one silver CPU; and

d. miscellaneous media,

(collectively, the "Properties");

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853(p);

WHEREAS, on September 7, 2011, the Defendant pled guilty to Count One of the Indictment;

WHEREAS, on December 13, 2011, this Court issued a Preliminary Order of Forfeiture against the Properties, pursuant to 18 U.S.C. § 2253(a) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on June 1, 2012 and ending on June 30, 2012; and

WHEREAS, no claims of interest in the Properties have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Properties, and they are hereby forfeited to the United States of America pursuant to 18 U.S.C. § 2253(a) and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

3. All other parties having any right, title or interest in the Properties are hereby held in default.

4. The United States Marshals Service is hereby authorized to dispose of the Properties in accordance with applicable law.

F. DENNIS SAYLOR, IV
United States District Judge

Dated: November 14, 2012